808 F.2d 834
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rosie A. DILLON (widow of Essel Dillon), Petitioner,
v.
WESTMORELAND COAL COMPANY, Respondent.
and
Director, Office of Workers' Compensation Programs, United
States Department of Labor, Party-in-Interest.
 No. 86-1029.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 29, 1986.
Decided Dec. 23, 1986.
 
 Before WIDENER, SPROUSE and WILKINS, Circuit Judges.
 John P. Anderson, for petitioner.
 Laura E. Beverage, Jackson, Kelly, Holt & O'Farrell, for Westmoreland Coal Co.
 George R. Salem, Donald S. Shire, J. Michael O'Neill, Thomas L. Holzman and Ronald G. Ray for Director, Office of Workers' Compensation Programs.
 PER CURIAM:
 
 
 1
 Rosie A. Dillon, the widow of Essel Dillon, petitions for review of a final decision of the Benefits Review Board ("Board") affirming the denial of benefits on a claim filed pursuant to the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. We dismiss for lack of jurisdiction.
 
 
 2
 On April 5, 1982, an administrative law judge found that the claimant was not entitled to benefits because her husband did not die from pneumoconiosis and was not totally disabled by pneumoconiosis arising out of coal mine employment at the time of his death. By a decision and order filed with the clerk of the Board on November 18, 1985, the Board affirmed the administrative law judge's denial of benefits. On January 27, 1986, Dillon filed his petition for review with this Court. Westmoreland Coal Co. ("Westmoreland") and the Director, Office of Workers' Compensation Programs, United States Department of Labor, filed motions to dismiss the petition as untimely.
 
 
 3
 Under 33 U.S.C. Sec. 921(c), made applicable to the Black Lung Benefits Act by 30 U.S.C. Sec. 932(a) (as amended), the Board's final orders are reviewable "in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside." (emphasis added). Dillon's petition was filed seventy days after the Board filed its decision and order with the clerk of the Board. Dillon contends that the sixty-day statutory time period should commence only after a period of three days time for service of the Board's decision, by mail, or, alternatively, only upon receipt of the decision by petitioner or her counsel.
 
 
 4
 This Court recently reviewed the meaning of 33 U.S.C. Sec. 921(c). We concluded that this Court can only review decisions of the Board when petitions for review are filed within the time specified by 33 U.S.C. Sec. 921(c). Butcher v. Big Mountain Coal Inc., --- F.2d ----, No. 85-1709 (4th Cir., Oct. 9, 1986). A failure to serve a copy of the Board's decision does not alter the statutory time period set by 33 U.S.C. Sec. 921(c). Butcher, supra, slip op. at 3. Accordingly, we have no alternative but to dismiss the petition for lack of jurisdiction due to its untimely filing.
 
 
 5
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 6
 DISMISSED.